

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Affirmed by _____

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7495

Re: Liability for inheritance
tax on Series E. United
States Government Bonds
and on benefits from a
Teacher Retirement Fund.

Your letter of November 13, 1946, addressed to this department, reads as follows:

"The inheritance tax report for the Estate of
Lula Amos Melton, deceased, of Tarrant County,
has been filed with this Department, and in the
examination of this report we find that Mr. Robert
M. Rowland of Fort Worth, the attorney in this
case, has excluded from the value of the gross
estate some Series E. United States Government
bonds and a Teacher Retirement fund. Both of these
items were payable at death to Mary Elizabeth
Barker, a niece.

"This Department has included this type of
asset since the bonds were issued and the enactment
of the Teacher Retirement benefit. The bonds have
been included for tax purposes because the possession
and enjoyment did not become effective until death.
The Teacher Retirement fund has no element of protection and therefore could not be considered as insurance.
We hold this fund to be merely a cash deposit built
up by the decedent during her lifetime and whatever
amount remained in said fund upon the date of death of
Mrs. Melton passes to Mary Elizabeth Barker and is subject to a tax thereon.

"Attached you will find a brief submitted by Mr.
Rowland, supporting his views with respect to the
exclusion of these items for tax purposes, for your

Hon. George H. Sheppard - Page 2

use in advising this Department on the question in controversy."

Article 7117, R. S., provides in part as follows:

"All property . . . and any interest therein . . . including the proceeds of life insurance to the extent of the amount receivable by the executor or administrator . . . and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance. . . which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, shall, upon passing to or for the use of any person . . . be subject to a tax . . ."

On the Government bonds issue, Mr. Rowland's brief relies strongly on the Supreme Court case of Edds v. Mitchell, 184 S.W. 2d 823, per Judge Smedley. That case held that in a contest over ownership between the estate of the deceased Government bond owner and the death beneficiary named in the bond, the latter should prevail. The Court reasoned that the death beneficiary acquired, at the time the bonds were purchased, a present, though defeasible, interest in them by virtue of the contract made for her benefit and that her rights did not arise by gift or devise. The Court compared the situation of the parties to that of parties to an insurance policy. Mr. Rowland urges that since this case holds that the beneficiary in the bonds does not take by gift or devise, but rather by a contract for her benefit, therefore the bonds are not taxable as property under Article 7117, supra.

The inheritance tax issue was not under review in that case, and hence we do not regard the decision as conclusive of the issue before us.

The case of Bethea v. Sheppard, 143 S. W. 2d 997, error refused, contains language persuasive of an opposite conclusion from the one reached by Mr. Rowland, although that case likewise is not squarely in point. The Court, in passing upon the taxability of an irrevocable trust vesting property in a trustee with a life income in the grantor and the remainder to a beneficiary, stated:

Hon. George H. Sheppard - Page 3

> "Thus the trust instrument expressly provided
> that the death of the grantor must in all events occur
> before the remainder of the estate can take effect in
> possession or enjoyment in appellant, the beneficiary.
> And thus the trust instrument by its own terms brings
> the instant case squarely within the statute, which
> does not impose the tax on the transfer of the property,
> nor on the passing of the property from the grantor, nor
> on the right to become beneficially interested in the
> property, but imposes the tax upon the passing of the
> property or interest therein when 'made or intended to
> take effect in possession or enjoyment after the death
> of the grantor.'"

Further, the Court said:

> "Under our state inheritance or succession tax
> statute, the primary question is whether the transfer
> was made or intended to take effect in possession or
> enjoyment after the death of grantor or settlor, particu-
> larly in cases of transfer of property in trust. It is
> not a question of when the beneficial interest is created,
> but the tax is imposed upon the right to receive in posses-
> sion or enjoyment after the death of grantor or settlor."

We have been able to find only two cases in the United States
passing upon the question of liability for succession taxes on govern-
ment bonds. In January, 1946, the Louisiana Court of Appeals in the
case of Succession of Tanner, 24 So. 2d 642, by a two to one decision
held that no inheritance tax was due on government bonds of the co-
ownership type.

In 1945, the Pennsylvania Orphans Court in the case of In
re Prifer's Estate, digested in 24 Gen. Digest 1554, held that both
co-ownership and beneficiary bonds issued by the Government were all
part of the decedent's estate for Federal Estate Tax purposes.

This department held in Opinion No. O-6691 that one-half of
the value of Series E Government bonds of the co-ownership type payable
to husband or wife, and purchased with community funds, is subject to
the State inheritance tax. In discussing Article 7117, R.S., in that
Opinion, we said:

> "The scope of this Article is not limited by the
> legal device through which property passes on death. It

Hon. George H. Sheppard - Page 4

imposes a tax on the right to receive or succeed to
the possession or enjoyment of property after the death
of the deceased and property comes within the purview
of this statute if such possession or enjoyment is made
contingent with or postponed until the death of the
grantor donor."

In principle, there appears to be little distinction between
co-ownership bonds of husband and wife purchased with community funds,
and the beneficiary type of bonds, so far as inheritance taxes are con-
cerned. In the former, the one-half community interest of the husband
in the bonds passes to his wife on his death. In the latter, the
interest of the owner of the bonds passes on his death to the benefi-
ciary.

We are advised by the local office of the Collector of Inter-
nal Revenue that the instructions under which they operate are that
such bonds, whether of the co-ownership type or the beneficiary type,
are subject to the federal estate tax. The federal estate tax is
levied "upon the transfer of the net estate of every decedent." 26
U. S. C. A., Section 810. Likewise your letter advises that your office
has taxed this type of asset since the bonds were issued.

In the absence of an authoritative Court decision settling
the matter, the departmental construction of the officials charged with
the duty of collecting taxes, both of this State and of the federal
government is entitled to much weight.

Accordingly, in harmony with such departmental construction
and in harmony with our former opinion above referred to on a closely
related question, we are constrained to hold that the bonds inquired
about should be considered as assets subject to the inheritance tax.

The status of the Teacher Retirement Benefit inquired about
appears to be well settled by the authorities. We are advised by the
Director of the Texas Teacher Retirement System that the benefit paid
in this particular case represents a return of contributions to the
fund made by the deceased teacher, plus interest earned thereon. No
matching funds of the State are included in the benefit.

Apparently the first case on the subject was In re Fitzsimmons'
Estate, 287 N.Y.S. 171 (1937). The court held that the Teacher Retire-
ment benefit paid to a named beneficiary after the teacher's death was
insurance. The Court did not recognize any distinction growing out of

Hon. George H. Sheppard - Page 5

the source of the fund, that is, whether derived from the contributions of the teacher or from the State. This decision was affirmed by the New York Supreme Court in 291 N.Y.S. 168, and motion for leave to appeal to the New York Court of Appeals was denied in 292 N.Y.S. 962.

In 1939, the United States Court of Claims in Kernochan v. U. S., 29 Fed. Supp. 860, ruled upon the status of a benefit paid after the death of a retired city employee. The Commissioner of Internal Revenue had determined that the portion of the benefit consisting of the employee's contributions plus interest thereon was to be taxed as a part of the estate of the deceased, whereas the portion of the benefit having its source in funds contributed by the State should be classed as insurance. The Court upheld the Commissioner in taxing the employee's returned contributions plus interest as a part of the estate. Certiorari was denied by the U. S. Supreme Court in 309 U. S. 675.

In 1941, the question again arose in New York in the case of In re Newton's Estate, 32 N.Y.S. 2d 473. This time the Court followed the lead of the Kernochan case, supra, and held the returned contributions of the employee were taxable as a part of the estate. The Newton case finally reached the New York Court of Appeals, court of last resort in that State, and was there affirmed without written opinion. 60 N.E. 2d 842 (1945).

The Kernochan holding has also been followed by the still later cases of In re Burtman's Estate 41 N.Y.S. 2d 778, and Gregg v. Commissioner, 54 N.E. 2d 169 (Mass.), the latter case involving an annuity purchased from an insurance company.

See also Herlvering v. LeGierse, 312 U.S. 531; 140 A.L.R. 719; 150 A.L.R. 1292.

Since the teacher retirement fund benefit involved herein only represents contributions from the deceased teacher, plus interest, we hold under the foregoing authorities that such benefit should be treated as an asset of the estate for inheritance tax purposes, and that it should not be classed as insurance.

Yours very truly

APPROVED DEC 17 1946

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By J. Arthur Sandlin
J. Arthur Sandlin
Assistant

JAC:ms;djm